The STATE of Ohio, Appellee,

v.

GOLDSON, Appellant.█

[Cite as *State v. Goldson* (2000), 138 Ohio App.3d 848.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990777.

Decided Aug. 25, 2000.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Thomas J. Boychan, Jr.,* Assistant Prosecuting Attorney, for appellee.

*Stephen J. Wenke,* for appellant.

---

*Per Curiam.*

Defendant-appellant Curtis L. Goldson appeals from the jury's verdict and his conviction for rape and gross sexual imposition of a seven-year-old girl. Goldson's trial counsel, in opening statement and repeatedly while examining the witnesses, reminded the jury that, at the time of the alleged offenses, Goldson was on probation for a previous conviction for gross sexual imposition involving a child. Because we agree with Goldson that his trial counsel's performance was so deficient as to deprive him of a reliable and fundamentally fair trial, we reverse the judgment of the trial court and remand this case for a new trial or further proceedings consistent with this decision.

Angela Trent, the mother of the victim, who formerly lived with Goldson in 1995, knew that on July 18, 1995, Goldson had entered a plea of guilty to gross sexual imposition of a minor and received a suspended sentence of two-and-one-half to ten years in prison. She also knew that Goldson was on probation for this offense on the date he allegedly committed the rape and gross sexual imposition of her daughter.

On the night of August 29, 1998, Trent was driving Goldson to his home. En route, she stopped at the Norwood home of her boyfriend to obtain milk money for her child by him. Goldson remained in the car with her three children: a seven-year-old girl, and two boys, aged ten and two. About fifteen minutes later, she returned. After Goldson left the automobile, the three children seemed "jittery." The older boy told Trent that Goldson had touched the girl. The victim verified that Goldson had digitally penetrated her.

The jury returned guilty verdicts on both counts, and the trial court sentenced Goldson to a prison term of seven years to life.

█ In his first assignment of error, Goldson claims that he was denied effective assistance of counsel when his trial counsel commented in his opening statement as follows:

"This is a case about retribution. My client, Mr. Goldson, is no angel, he has been in trouble with the law before. *He was on a prior occasion convicted after pleading guilty to gross sexual imposition. Improper contact, sexual contact. He was on probation for that at the time of this alleged offense.*

"Angie Trent knew that. Angie Trent was involved in the prior case. She is the one that made the allegation. Angie Trent has made other allegations which have been investigated by the Department of Human Services regarding alleged sexual contact, having been perpetrated on her son and/or daughter.

"Angie Trent, knowing all this, allegedly leaves her young daughter alone in a vehicle around midnight on Wesley Avenue in Norwood with an individual who had been convicted of a sexual offense. I will let her try to explain that." (Emphasis added.)

On cross-examination, Goldson's counsel questioned Trent about Goldson's 1995 gross-sexual-imposition conviction. When Goldson's mother testified about difficulties in his relationship with Trent, trial counsel made matters worse for Goldson by eliciting from her that these difficulties between the two were prompted by his 1995 guilty plea.

To prevail on a claim for ineffective assistance of counsel, an appellant must first show that trial counsel's performance was deficient, and, second, that the deficient performance was so prejudicial that he was denied a reliable and fundamentally fair proceeding. See *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; see, also, *Lockhart v. Fretwell* (1993), 506 U.S. 364, 369–370, 113 S.Ct. 838, 842–843, 122 L.Ed.2d 180, 188–190; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus; *State v. Bey* (1999), 85 Ohio St.3d 487, 493, 709 N.E.2d 484, 493.

In applying the first prong of this test, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. "[J]udicial scrutiny of counsel's performance must be highly deferential." *State v. Bird* (1998), 81 Ohio St.3d 582, 585, 692 N.E.2d 1013, 1016. A reviewing court will not ordinarily second-guess strategic decisions made by trial counsel to pursue one course of defense over another. See *State v. Mason* (1998), 82 Ohio St.3d 144, 157–158, 694 N.E.2d 932, 948–949, certiorari denied (1998), 525 U.S. 1057, 119 S.Ct. 624, 142 L.Ed.2d 562; see, also, *State v. Phillips* (1995), 74 Ohio St.3d 72, 656 N.E.2d 643; *State v. Decker* (1986), 28 Ohio St.3d 137, 28 OBR 232, 502 N.E.2d 647.

Nonetheless, a trial counsel's choice of strategy may be "so [deficient] that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. This occurs when counsel has failed to play "a role that is critical to the ability of the adversarial system to produce just results." *Id.* at 685, 104 S.Ct. at 2063, 80 L.Ed.2d at 692.

The trial strategy devised by Goldson's counsel was that Trent was motivated by a desire for retribution. Otherwise, why would she negligently have allowed him near her children with knowledge that Goldson had molested a minor child before? Accordingly, his trial counsel told the jury of Goldson's prior gross-sexual-imposition conviction and suggested that Trent, knowing of the conviction, fabricated new allegations, using her children to get back at him.

Trial counsel's strategy to challenge Trent's credibility and her bias toward Goldson was ill-conceived. The critical witnesses against Goldson were the seven-year-old victim of the crimes and her nine-year-old brother—not Trent. The victim told the jury how Goldson had offered her five dollars and a soda if she would lie down for him in the front seat of the car. She recounted his sexual contact with her. An attack on the mother's biases hardly discredited the children's testimony, when the jury heard that he was disposed to take sexual liberties with a child. The assertion that Trent was responsible may have been a valid strategy but only if she herself claimed to have been the victim.

The gratuitous revelation of Goldson's prior sex offense with a child virtually handed a conviction to the state. His prior conviction, but for his trial counsel's statements, was inadmissible. See Evid.R. 404(B). Goldson did not testify in his own defense, and the record does not indicate that he initially wished to testify but later changed his mind. Nor did the state attempt to introduce evidence of his prior conviction and probation. The impact of the prior conviction was to invite the jury to view Goldson, a convicted sex offender, as having acted in conformity with his propensity to molest young children. Such a defense is not

based on professional judgment, or a legitimate trial strategy or tactic. It is unlike the case in which the defendant, after learning from his counsel the risk of taking the stand, nonetheless insists on proclaiming his innocence to the jury. Nor is it a proper case for defense counsel to attempt to take the "sting" out of the inevitable disclosure of prior-bad-acts evidence by informing the jury before the state does. See, *e.g., State v. Tyler* (1990), 50 Ohio St.3d 24, 34, 553 N.E.2d 576, 590.

■ The predictable lack of success of this ill-conceived trial strategy does not alone constitute reversible error, without a demonstration of prejudice. See *State v. Frazier* (1991), 61 Ohio St.3d 247, 574 N.E.2d 483, certiorari denied (1992), 503 U.S. 941, 112 S.Ct. 1488, 117 L.Ed.2d 629. To demonstrate prejudice, an appellant must show that, but for his trial counsel's errors, there is a reasonable probability that the outcome of the trial would have been different. See *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 697–698.

Here, counsel surrendered Goldson's presumption of innocence before the first witness had given testimony. The evidence of guilt, if believed, was substantial, but the state's case depended entirely upon the fragile testimony of two children. A physical examination of the victim, conducted almost one month after the incident, was inconsistent with the state's evidence, revealing no evidence of sexual contact. Had the jury not heard evidence that Goldson was on probation for gross sexual imposition of a child at the time this offense allegedly occurred, the jury may well have weighed the credibility of the witnesses differently. After hearing counsel's opening statement, the jury's only real option was to believe the children. As the evidence demonstrates a reasonable probability that, but for trial counsel's error, the outcome of the trial would have been different, we hold that Goldson was denied the effective assistance of counsel guaranteed by the federal Constitution. The first assignment of error is sustained.

■ In his second assignment of error, Goldson challenges the sufficiency of the evidence adduced to support his convictions for rape and gross sexual imposition. A claim of insufficient evidence raises the issue of a deprivation of due process. Therefore, a reviewing court does not weigh the evidence but rather examines the record, in a light most favorable to the prosecution, to discover whether a rational trier of fact could have found the existence of all the essential elements of the offenses beyond a reasonable doubt. See *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573–574; see, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717.

The testimony revealed that Goldson had lured the child into the front seat of a car and had sexual contact with her. The assignment of error is overruled as the record reflects substantial, probative evidence from which the trier of fact could have reasonably concluded that all elements of the charged crimes were proven beyond a reasonable doubt. See *State v. Waddy* (1992), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338, 121 L.Ed.2d 255.

Goldson's third assignment of error, in which he challenges the manifest weight of the evidence adduced to support his convictions for rape and gross sexual imposition, is rendered moot by our decision with respect to the ineffectiveness of trial counsel. See App.R. 12(A)(1)(c).

Therefore, the judgment of the trial court is reversed, and this cause is remanded for a new trial or further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

HILDEBRANDT, P.J., GORMAN and SUNDERMANN, JJ., concur.