OPINION
Defendant-appellant, Chad McKinley, appeals the decisions of the Franklin County Court of Common Pleas accepting appellant's no contest pleas and sentencing him to consecutive terms of imprisonment.
On October 14, 1999, the Franklin County Grand Jury indicted appellant on one count of attempted burglary, in violation of R.C. 2923.02 and 2911.12, as a third-degree felony. The grand jury also indicted appellant on one count of felony fleeing, in violation of R.C. 2921.331, as a fourth-degree felony.
Subsequently, appellant pleaded no contest to both counts. The trial court accepted the pleas and found him guilty of the charged offenses. Next, the trial court ordered appellant to serve a two-year prison sentence on the attempted burglary offense consecutively to a one-year prison sentence on the felony fleeing offense.
Appellant appeals, raising four assignments of error:
ASSIGNMENT OF ERROR NO. 1
 The Trial Court erred when it refused to permit Chad McKinley to enter an Alford plea to one count of the indictment in exchange for the dismissal by the State of Ohio of the remaining count. It was error for the Court to require Chad McKinley to enter a plea to each count of the indictment if he wished to enter either an Alford plea or no contest plea.
ASSIGNMENT OF ERROR NO. 2
 The Trial Court erred when it imposed prison terms for each of the offenses below and further erred when it imposed consecutive sentences thereto for reason that it failed to follow the sentencing mandates of Ohio Rev. Code 2929.11 et. seq.
ASSIGNMENT OF ERROR NO. 3
 The Trial Court erred when it failed to advise Chad McKinley at the time he entered his pleas below, that it would be required to impose consecutive sentences if it imposed a prison term as to each of the offenses for which the plea was entered.
ASSIGNMENT OF ERROR NO. 4
 The Trial Court erred when it accepted the no contest pleas because the facts presented by the State of Ohio in support of those pleas failed to constitute or establish the offenses charged in the indictment.
Appellant's first assignment of error concerns his no contest pleas. Appellant contends that, in accordance with an agreement with the state, he originally intended to enter a guilty plea, pursuant to North Carolina v. Alford (1970), 400 U.S. 25, on the felony fleeing charge in exchange for a dismissal of the attempted burglary charge. However, according to appellant, he was not allowed to enter such a plea because the trial court has a "blanket policy" prohibiting defendants from entering an Alford plea unless the plea goes to the entire indictment. Appellant argues that the trial court erred in not allowing him to enter the Alford plea.
The only evidence on appellant's above contentions is found in an affidavit attached to his post-judgment motion to vacate the no contest pleas. However, we cannot assume that the unilateral affidavit is an accurate representation of facts pertaining to the no contest pleas. The Rules of Appellate Procedure make no provisions allowing a record to be settled or supplemented through a post-judgment filing of a unilateral affidavit; rather, a record may be settled or supplemented through an agreed statement as to the record under App.R. 9(C), or through stipulations or modifications under App.R. 9(E). Thus, the record does not support appellant's claims, and we overrule appellant's first assignment of error.
Appellant's second assignment of error concerns the sentence imposed by the trial court. First, appellant asserts that the trial court failed to adhere to R.C. 2929.12 when sentencing appellant. In support of his contention, appellant relies on the Eighth District Court of Appeals' decision in State v. Gary (2001), 141 Ohio App.3d 194; however, appellant's reliance on Gary is misplaced. In Gary, the defendant challenged the trial court's findings under R.C. 2929.14(E)(4), the statutory guideline for consecutive sentencing. Here, appellant challenges the trial court's findings under R.C. 2929.12, the section containing the seriousness and recidivism factors that a trial court must consider when sentencing a defendant for a felony offense.
In appellant's case, the record is replete with the trial court's references to the applicable seriousness and recidivism factors. As an example, at the sentencing hearing, the trial court referred to appellant's criminal background and "violent history." Thus, the record establishes that the trial court considered the sentencing factors in R.C. 2929.12, and appellant points to nothing in the record or in the sentencing guidelines compelling us to second-guess the trial court's considerations.
Second, appellant contends that the trial court sentenced him to prison on the felony fleeing offense without making the required findings under R.C. 2929.13(B). The trial court was required to consider the factors in R.C. 2929.13(B) when sentencing appellant on the fourth-degree felony offense.
A trial court has authority to impose a prison sentence on an offender who commits a fourth-degree felony when it makes a finding that any of the factors listed in R.C. 2929.13(B)(1) exist, where it finds that a prison sentence is consistent with the purposes of sentencing, and where it concludes that the offender is not amenable to community control. State v. Jones (Nov. 4, 1999), Franklin App. No. 99AP-72, unreported.
As noted by the state, the trial court failed to make any findings under R.C. 2929.13(B)(1). However, we have previously recognized that, if "a trial court does not make a finding under R.C. 2929.13(B)(1), it continues to have authority to impose a prison sentence if it considers the seriousness and recidivism factors contained in R.C. 2929.12, and concludes that a prison sentence, rather than community control, is consistent with the purposes of felony sentencing." Jones.
Here, the trial court found that a prison term is consistent with the purposes of sentencing and that appellant is not amenable to a community control sanction. Such findings are established in the trial court's sentencing worksheet. In addition, as noted above, the trial court considered the R.C. 2929.12 seriousness and recidivism factors. Thus, we conclude that the trial court complied with R.C. 2929.13(B) when it sentenced appellant to prison on the felony fleeing offense. Furthermore, we again note that appellant has pointed to nothing in the record requiring us to second-guess the trial court's findings.
Accordingly, based on the above, we overrule appellant's second assignment of error.
In his third assignment of error, appellant contends that the trial court violated Crim.R. 11(C) when it accepted the no contest pleas by failing to indicate that it was required to impose consecutive sentences. We disagree.
Crim.R. 11(C) specifies the procedural requirements that a trial court must follow in order to accept a no contest plea. The Ohio Supreme Court has held that Crim.R. 11(C) does not require the trial court to advise the defendant that the sentences can or will be imposed consecutively. State v. Johnson (1988), 40 Ohio St.3d 130, 134. Thus, we overrule appellant's third assignment of error.
In his fourth assignment of error, appellant contends that the trial court erred in accepting his no contest pleas. Specifically, appellant contends that the trial court should not have accepted the pleas because the indictment fails to establish the charged offenses and because the state's recitation of the facts during the plea hearing was insufficient to support a finding of guilt. We disagree with appellant's contention that the trial court erred in accepting the no contest pleas.
According to Crim.R. 11(B)(2), a no contest plea is "not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment." Thus, the Ohio Supreme Court held that a trial court did not err in accepting a no contest plea where the indictment contained "sufficient allegations to state a felony offense." State v. Bird (1998), 81 Ohio St.3d 582, 584.
In Bird, the court concluded that an indictment sufficiently charged an offense by mirroring the language found in the statute laying out the offense. Id. at 585. Here, each count charged against appellant tracked the language of the pertinent statutory subsection. In particular, the attempted burglary count included appropriate language setting forth the elements of "attempt" and "burglary." As for the felony fleeing offense, the indictment alleged all necessary elements, including the element of causing a substantial risk of serious physical harm to person or property, the element that elevated the offense to a fourth-degree felony.
Because the indictment mirrors the pertinent statutory language, the indictment "contains sufficient allegations to state" the felony offenses. Thus, under Bird, the trial court did not err in rejecting appellant's no contest pleas. Accordingly, we overrule appellant's fourth assignment of error.
In summary, we overrule appellant's first, second, third and fourth assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
LAZARUS and BROWN, JJ., concur.