[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 582.]

THE STATE OF OHIO, APPELLEE, *v.* BIRD, APPELLANT.

[Cite as *State v. Bird*, 1998-Ohio-606.]

*Criminal procedure—Where indictment, information, or complaint contains sufficient allegations to state a felony offense and defendant pleads no contest, court must find defendant guilty of the charged offense.*

Where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense. (*State ex rel. Stern v. Mascio* [1996], 75 Ohio St.3d 422, 425, 662 N.E.2d 370, 373, followed.)

(No. 97-376—Submitted February 18, 1998—Decided May 6, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 96APA04-505.

————————————

{¶ 1} On October 12, 1993, defendant-appellant, Jimmy L. Bird, was indicted for one count of felonious assault with a deadly weapon. The charge stemmed from an incident where appellant, who is infected with the human immunodeficiency virus ("HIV"), spat in a police officer's face.

{¶ 2} On January 7, 1994, appellant entered a no contest plea. At the hearing, the prosecutor stated that the police officer was tested for the virus immediately after this incident and the test was negative. However, doctors recommended that the officer submit to a follow-up test in six months. According to the prosecutor, the officer planned to schedule the test for late March or early April. At defense counsel's request, sentencing was postponed until April to allow time for the completion of this test.

{¶ 3} A sentencing hearing was held on April 7, 1994. The prosecutor had no objection to probation, since appellant had already served six months by that time. The court rejected this recommendation, primarily due to appellant's

extensive criminal history. The court imposed the minimum term of incarceration of three to fifteen years. However, the court stated that it would favorably consider a motion for shock probation filed at the earliest time appellant became eligible.

{¶ 4} On October 11, 1994, appellant filed a motion for super shock probation. The state filed a memorandum in support of this motion. One month later, the motion was granted.

{¶ 5} In April 1995, the court found that appellant had violated the terms of probation. Nevertheless, the court continued probation. However, one year later, in April 1996, the court revoked appellant's probation because of his two misdemeanor convictions, his two outstanding misdemeanor charges, his discharge from the Columbus Community Hospital for drunken belligerent behavior, and his failure to complete community service and maintain employment.

{¶ 6} On April 23, 1996, appellant filed a *pro se* motion for leave to appeal and a notice of appeal. The court of appeals granted the motion and appointed counsel. In December 1996, the court of appeals affirmed appellant's conviction.

{¶ 7} The cause is now before us pursuant to the allowance of a discretionary appeal.

———————————

*Ron O'Brien*, Franklin County Prosecuting Attorney, and *Thomas K. Lindsey*, Assistant Prosecuting Attorney, for appellee.

*Judith Stevenson*, Franklin County Public Defender, and *David L. Strait*, Assistant Public Defender, for appellant.

*Cloppert, Portman, Sauter, Latanick & Foley* and *Robert L. Washburn*, urging affirmance for *amici curiae*, Fraternal Order of Police, Capital City Lodge No. 9, and Ohio State Fraternal Order of Police.

*Rittgers & Mengle* and *W. Andrew Hasselbach*, urging reversal for *amicus curiae*, Ohio Association of Criminal Defense Lawyers.

*Heather C. Sawyer*, urging reversal for *amici curiae*, Lambda Legal Defense and Education Fund, Inc., and Ohio Human Rights Bar Association.

———————————

**FRANCIS E. SWEENEY, SR., J.**

{¶ 8} After his probation was revoked, appellant filed a delayed appeal challenging the trial court's acceptance of his no contest plea and the effectiveness of his attorney. For the following reasons, we find appellant's contentions meritless. Accordingly, we affirm the judgment of the court of appeals.

{¶ 9} First, appellant finds fault with the trial court's acceptance of his no contest plea. Appellant contends that the indictment was insufficient to charge him with the offense of felonious assault with a deadly weapon because it failed to establish the existence of essential elements of the crime, *i.e.,* that saliva is a deadly weapon, and that appellant knowingly caused or attempted to cause the officer physical harm. However, we find that by pleading no contest to the indictment, appellant is foreclosed from challenging the factual merits of the underlying charge.

{¶ 10} According to Crim.R. 11(B)(2), a no contest plea is "not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *." Therefore, we have held that where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense. *State ex rel. Stern v. Mascio* (1996), 75 Ohio St.3d 422, 425, 662 N.E.2d 370, 373.

{¶ 11} If there had been a trial, the state would have had to prove beyond a reasonable doubt all elements of the indictment, including that appellant's saliva is a deadly weapon and that appellant knowingly caused or attempted to cause the officer physical harm. However, with a no contest plea, the state was relieved of these obligations. The state only had to allege sufficient facts to charge a violation

for R.C. 2903.11. See *Mascio*, 75 Ohio St.3d at 425, 662 N.E.2d at 373. The state fulfilled its obligations.

{¶ 12} The indictment charged that "Jimmy Lee Bird * * * on or about the 2nd day of October * * * in violation of section 2903.11 of the Revised Code, did knowingly cause or attempt to cause physical harm to Officer Shirk by means of a deadly weapon, to wit: spit and/or saliva * * *." R.C. 2903.11(A)(2) defines "felonious assault" as to "knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon * * *, as defined in section 2923.11 of the Revised Code." "Deadly weapon" is defined in R.C. 2923.11(A) as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." The indictment language mirrors the statutory language found in R.C. 2903.11. Thus, it is sufficient to charge an offense. Crim.R. 7(B).

{¶ 13} It is unnecessary to decide whether the human immuno-deficiency virus may be communicated through saliva and whether saliva may be considered a deadly weapon. By pleading no contest, appellant admitted the truth of the allegations in the indictment.

{¶ 14} Appellant also argues that he was denied effective assistance of counsel because his attorney did not file a motion to dismiss the indictment or assert the defense that saliva is not a deadly weapon and did not secure expert testimony on this point.

{¶ 15} To prevail on this ground, appellant must meet the test for ineffective assistance of counsel established in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, as applied to the plea process in *Hill v. Lockhart* (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. See *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. First, appellant must show that counsel's performance was deficient. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Xie,* 62 Ohio St.3d at 524, 584 N.E.2d at 717. Second, appellant

must show that there is a reasonable probability that, but for counsel's errors, he would not have entered his plea. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Xie,* 62 Ohio St.3d at 524, 584 N.E.2d at 717. Because of the inherent difficulties in making the first determination, a court must indulge in a strong presumption that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694-695. Thus, judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

{¶ 16} The record indicates that defense counsel was aware of the HIV transmission issue. Two months prior to the trial date, defense counsel filed a motion requesting permission to take a videotape deposition of a doctor. While the court did not allow the videotape deposition, it did grant an order for expert witness fees. The filing of the motion shows that defense counsel was taking affirmative steps to develop this defense.

{¶ 17} Moreover, it is possible that defense counsel's discovery was sufficient to convince him that a plea bargain was the best trial tactic in the case. The prosecutor recommended probation, which would have allowed appellant's immediate release. While the court did not accept the recommendation, it granted appellant's motion for super shock probation, which was supported by the prosecutor. If the case had gone to trial, it is unlikely that the state would have recommended probation or supported the super shock probation. See *Alabama v. Smith* (1989), 490 U.S. 794, 802-803, 109 S.Ct. 2201, 2206, 104 L.Ed.2d 865, 875 (the state's interests support a practice of more lenient sentences in plea cases). Moreover, because of the identity of the victim, the state could have indicted appellant on the more serious charge of felonious assault on a police officer.

{¶ 18} Appellant has shown neither deficient performance nor prejudice. Under these facts, we cannot find that appellant was denied the effective assistance of counsel.

{¶ 19} Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., dissents.

————————————

**PFEIFER, J., dissenting.**

{¶ 20} In *State ex rel. Stern v. Mascio* (1996), 75 Ohio St.3d 422, 423, 662 N.E.2d 370, 372, this court stated that a plea of no contest is not an admission of guilt, but is an admission of the truth of the facts alleged in the indictment. "The trial court thus possesses discretion to determine whether the facts alleged in the indictment * * * are sufficient to justify conviction of the offense charged." *Id.*

{¶ 21} An indictment for felonious assault must contain a description of the "deadly weapon" used in the commission of the assault. It only follows that the object described must, in fact, be a deadly weapon. Whether something is a deadly weapon is at least in part a legal issue. The indictment in this case charges Bird with attempting to harm Officer Shirk "by means of a deadly weapon, to wit: spit and/or saliva." By pleading no contest, Bird admitted only the facts in the indictment, that he spat on the officer in the attempt to do him harm.

{¶ 22} What if the indictment had said Bird had assaulted Officer Shirk with a powder puff, a water balloon, or a jelly doughnut, and Bird had pled no contest? The fact that the indictment calls something a deadly weapon does not make it so. That determination is up to the judge.

{¶ 23} A person who makes a plea of no contest does not become his own judge. The trial court still has a job to do — determining whether the facts admitted constitute a crime outlined in the indictment. The trial court in this case abused its discretion in convicting Bird. There is nothing suggesting that the saliva of an HIV-positive person can transmit the disease to another. The trial court would

necessarily have made the finding that saliva is a deadly weapon before convicting Bird. Either by making the determination that saliva is a deadly weapon or by failing to make any determination at all, the trial court abused its discretion.

———————————