Chad A. Taylor appeals from his conviction in the Miami County Common Pleas Court of felonious assault in violation of R.C. 2903.11(A)(2) and aggravated robbery in violation of R.C.2911.01(A)(3) pursuant to his no contest pleas to an information filed by the State.
At the plea hearing the following occurred in open court:
 THE COURT: Okay. Would the State recite facts supporting conviction in this case?
 MR. HENRY: Yes, Your Honor. Had this matter proceeded to trial the State would have proven beyond a reasonable doubt that on or about March 1st, 1997, in Miami County, Ohio, that the Defendant violated Ohio Revised Code Section 2903.11(A)(2) in that he did, knowingly, cause or attempt to cause physical harm to another by means of a deadly weapon as defined in Section 2923.11 of the Ohio Revised Code. On that date, Your Honor, the Defendant took a baseball bat to the head of an Ocie Stevens.
 The State would have further proven beyond a reasonable doubt, Your Honor, that on or about February 26, 1997, in Miami County, Ohio, that the Defendant, Chad Taylor, violated Ohio Revised Code Section 2911.01(A)(3), in that he did in attempting or committing a theft offense, as defined in Section 2913.01, or in fleeing immediately after the attempt of that offense, inflict or attempt to inflict serious physical harm on another. Your Honor, the State would have proven that the victim in that matter was a Brenda C. Spriggs, and the weapon used in stealing Ms. Spriggs' purse was a mag light flashlight.
Appellant's sole assignment of error reads as follows:
 THE TRIAL COURT ERRED IN ACCEPTING DEFENDANT'S NO CONTEST PLEAS TO COUNTS ONE AND TWO OF THE INFORMATION, WHERE THE FACTUAL STATEMENTS RECITED BY THE PROSECUTOR IN SUPPORT OF SAID COUNTS NEGATE THE EXISTENCE OF ESSENTIAL ELEMENTS OF THE OFFENSES OF FELONIOUS ASSAULT AND AGGRAVATED ROBBERY, OR SIMPLY DO NOT CONSTITUTE SAID OFFENSES
In State v. Bird (1998), 81 Ohio St.3d 582, the Ohio Supreme Court held that where an indictment, information, or complaint[1] contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense.
In Bird, the defendant was indicted for one count of felonious assault with a deadly weapon, to wit, spit and/or saliva. The charge stemmed from an incident where Bird, who is infected with the human immunodeficiency virus (HIV), spit in a police officer's face. Justice Sweeney observed on behalf of the court at pages 584 and 585 of the opinion:
 The indictment charged that "Jimmy Lee Bird * * * on or about the 2nd day of October * * * in violation of section 2903.11 of the Revised Code, did knowingly cause or attempt to cause physical harm to Officer Shirk by means of a deadly weapon, to wit: spit and/or saliva * * *." R.C. 2903.11(A)(2) defines "felonious assault" as to "knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon * * *, as defined in section 2923.11 of the Revised Code." "Deadly weapon" is defined in R.C. 2923.11(A) as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." The indictment language mirrors the statutory language found in R.C. 2903.11. Thus, it is sufficient to charge an offense. Crim.R. 7(B).
 It is unnecessary to decide whether the human immunodeficiency virus may be communicated through saliva and whether saliva may be considered a deadly weapon. By pleading no contest, appellant admitted the truth of the allegations in the indictment.
We have examined the information filed by the prosecuting attorney and we are satisfied it appropriately contains sufficient allegations for the offenses to which the appellant entered his no contest pleas.
The appellant's assignment of error must be overruled.
The judgment of the trial court is Affirmed.
GRADY, P.J., and FAIN, J., concur.
[1] The syllabus incorrectly includes the "complaint" as a charging instrument to which a defendant can enter a guilty plea in a felony case. Defendant may only enter guilty pleas to indictments and informations.