decision and journal entry
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Tyrone Arnold has appealed his conviction for escape. This Court affirms.
 I.
In a previous criminal matter, Defendant was convicted of several felonies and sentenced to three to five years in prison. He was subsequently paroled. However, on or about December 17, 1999, he failed to report to his parole officer.
Thereafter, he was charged with escape, in violation of R.C. 2921.34(A). Defendant ultimately pled "no contest," was found guilty and sentenced accordingly. He timely appealed, asserting one assignment of error.
 II. Assignment of Error
The trial court erred to the prejudice of [Defendant] in finding[him] guilty of the offense of escape.
In his sole assignment of error, Defendant has argued that because he had been paroled, he was not under "detention" as meant in the escape statute. In essence, he has argued that detention requires physical confinement and that the underlying facts do not, therefore, warrant an escape conviction. His argument fails for several reasons.
The offense of escape is defined in R.C. 2921.34(A)(1). That statute provides:
No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
R.C. 2921.01(E) defines detention, in part, as follows, "supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution." R.C. 2967.28(F)(1) provides in part that "[i]f a post-release control sanction is imposed upon an offender under this section, the offender upon release from imprisonment shall be under the general jurisdiction of the adult parole authority and generally shall be supervised by the parole supervision section through its staff of parole and field officers. * * *" Lastly, R.C. 2967.15(C)(2) provides,
A person who is under transitional control or who is under any form of authorized release under the supervision of the adult parole authority is considered to be in custody while under the transitional control or on release, and, if the person absconds from supervision, the person may be prosecuted for the offense of escape.
Thus, detention includes parole supervision following release from a state correctional institution. When a parolee fails to comply with the requirements of that supervision, he or she has committed the crime of escape. See, e.g., State v. McFolley (July 11, 2001), Lorain App. No. App. 00CA007614, unreported, at 4-5.
Crim.R. 11(B)(2) states in part: "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint[.]" Indeed, once a plea of no contest has been entered, the trial court need only determine whether "the indictment * * * contains sufficient allegations to state a felony offense[.]" State v. Bird (1998), 81 Ohio St.3d 582, syllabus. See, also, State v. Johnson (May 30, 2001), Lorain App. No. 99CA007449, unreported, at 4-5 (holding that a plea of no contest is sufficient to convict a defendant of escape where the defendant failed to report to a parole officer); State v. Jeter (Sept. 13, 2000), Lorain App. No. 99CA007505, unreported, at 5.
In this case, the indictment charged:
The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO, Do find and present, that the above named Defendant(s), in the County of Lorain, unlawfully on or about December 17, 1999, did, knowing TYRONE ARNOLD was under detention for a felony of the Third, Fourth, or Fifth degree or unclassified felony, or being reckless in that regard, purposely break or attempt to break detention, or purposely failed to return to detention, either from temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement, a violation of Section 2921.34(A) of the Ohio Revised Code, a Felony of the Third Degree, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.
Hence, when Defendant pled no contest, he admitted that on or about December 17, 1999, he purposely broke detention. His argument to the contrary is without merit.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ BETH WHITMORE
BATCHELDER, P.J., SLABY, J. CONCUR.