DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Albert Hodge, appeals from the judgment of the Lorain County Court of Common Pleas. We affirm.
On October 18, 2000, Mr. Hodge was indicted for tampering with evidence, pursuant to R.C. 2921.12(A)(1), and possession of drugs, pursuant to R.C. 2925.11(A). On April 24, 2001, Mr. Hodge pled no contest. The trial court accepted the plea and subsequently found Mr. Hodge guilty of the charges. He was sentenced accordingly. This appeal followed.
Mr. Hodge raises one assignment of error:
 THE EVIDENCE DID NOT SUPPORT DEFENDANT'S CONVICTION FOR TAMPERING WITH EVIDENCE PURSUANT TO O.R.C. § 2921.12(A)(1) AND POSSESSION OF DRUGS IN VIOLATION OF § 2925.11(A). [sic.]
In his assignment of error, Mr. Hodge asserts that the trial court erred when it found Mr. Hodge guilty of the charges against him. Specifically, Mr. Hodge asserts that there was insufficient evidence to support his conviction. We disagree.
Crim.R. 11(B)(2) states, in pertinent part, that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint[.]" In effect, "once a plea of no contest has been entered, the trial court need only determine whether `the indictment * * * contains sufficient allegations to state a felony offense[.]'" (alterations original.) State v. Arnold (Aug. 1, 2001), Lorain App. No. 00CA007710, unreported, at 3, quoting State v. Bird (1998), 81 Ohio St.3d 582, syllabus.
R.C. 2921.12(A)(1) provides that "[n]o person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * * [a]lter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]" Further, R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance."
In this case, the indictment charged:
 The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO, Do find and present, that the above named Defendant(s), in the County of Lorain, unlawfully on or about August 12, 2000, knowing that an official proceeding or investigation was in progress, or was about to be or likely to be instituted, did alter, destroy, conceal or remove any record, document or thing with purpose to impair its value or availability as evidence in such proceedings or investigation, in violation of Section 2921.12(A)(1) of the Ohio Revised Code, a Felony of the Third Degree, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.
* * *
 The Jurors of the Grand Jury, being first duly sworn, further find and present: THAT: ALBERT A. HODGE, late of said County, on or about August 12, 2000, did knowingly obtain, possess or use a controlled substance, to wit: Cocaine, a schedule II controlled substance, in violation of Section 2925.11(A) of the Ohio Revised Code, a Felony of the Fifth Degree, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.
In the case at bar, Mr. Hodge argues that the evidence was insufficient to convict him pursuant to R.C. 2921.12(A)(1) and 2925.11(A). However, as Mr. Hodge pled no contest to the indictment, he is now precluded from challenging the factual merits of the underlying charges. See Bird,81 Ohio St.3d at 584. The state fulfilled its obligations by alleging sufficient facts to charge a violation for R.C. 2921.12(A)(1) and 2925.11(A). See Id. By pleading no contest, Mr. Hodge admitted the truth of the allegations set forth in the indictment. See Id. at 585. Accordingly, Mr. Hodge's assignment of error is without merit. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, P.J., WHITMORE, J. CONCUR.