[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Jerome Raven, appeals the judgments of the Hamilton County Court of Common Pleas convicting him of two counts of felonious assault and two counts of assault. For the following reasons, we affirm the trial court's judgment.
In a single assignment of error, Raven contends that the convictions were based upon insufficient evidence and were contrary to the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a trial court's judgment on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
The felonious-assault statute, R.C. 2903.11(A)(1), provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another * * *."[3] R.C. 2903.13(A), the statute governing assault, provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." Pursuant to R.C. 2903.13(C)(3), if the victim of an assault is a peace officer, the offense is a felony of the fourth degree. R.C. 2903.13(C)(2) provides that, if the victim of an assault is a corrections officer, the offense is a felony of the fifth degree.
In the case at bar, the convictions were in accordance with the evidence. The offenses were alleged to have occurred while Raven was incarcerated at the Hamilton County Justice Center. Deputy Sheriff William Preston was the alleged victim of one of the counts of felonious assault. The evidence adduced at trial indicated that, while Preston was responding to a disturbance in Raven's cell, Raven punched him in the face, causing Preston to fall against a metal table. Preston was knocked unconscious and required stitches for the wound on the back of his head. He testified that he missed three days' work as a result of the injury. Although Raven argues that he did not foresee the seriousness of Preston's injury, the jury could have reasonably concluded that Raven had acted "knowingly" within the meaning of R.C. 2901.22(B).[4]
The victim of the other felonious assault was Deputy Sheriff Kevin Carney. Raven entered a no-contest plea to the felonious assault relating to Carney and therefore has waived any argument with respect to the sufficiency or the weight of the evidence.[5] It is undisputed that the allegations in the indictment were sufficient to charge the offense, and we therefore find no error in the trial court's finding of guilt.[6]
And while Raven contends that the accompanying assault conviction was improper due to his claim of self-defense, we cannot say that the jury lost its way in rejecting that claim.[7] The testimony of Deputy Carney was that the assault was unprovoked, and it was within the purview of the jury to believe that testimony.
The victim of the remaining assault charge was corrections officer Kimberly Brucker. She testified that Raven struck her in the face, causing her pain. Raven testified that the physical contact was accidental, but the jury was entitled to believe that he had acted knowingly. The assignment of error is accordingly overruled, and the judgments of the trial court are affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.
[3] R.C. 2903.11(D) provides that felonious assault is a felony of the first degree if the victim is a peace officer. The indictment in the case at bar did not include the allegation that the victims of the felonious assaults were peace officers, and Raven was accordingly convicted of second-degree felonies.
[4] The trial court dismissed an accompanying assault charge involving Deputy Preston on the ground that it was an allied offense of the felonious assault.
[5] State v. Bird (1998), 81 Ohio St.3d 582, 585, 692 N.E.2d 1013,1016.
[6] Id., syllabus.
[7] Raven entered the no-contest plea to felonious assault after the jury had returned a guilty verdict on assault but was unable to reach a verdict on the felonious assault charge. There is no claim on appeal that these offenses were allied.