OPINION
Defendant, Thomas Carter, appeals from his conviction and sentence for carrying concealed weapons.
On January 6, 2001, Montgomery County Sheriff's Deputy Todd Fazzari was on routine road patrol in Washington Township. At approximately 2:38 a.m., Deputy Fazzari observed a van traveling East on State Route 725 that failed to remain within its lane of travel, drifting across the marked lanes and then back into its lane of travel. Deputy Fazzari observed the van make an extremely wide right turn southbound onto McEwen Road, stopping in mid-turn to avoid striking a vehicle that was stopped at the intersection for the traffic light. Based on these observations, Deputy Fazzari initiated a traffic stop.
The driver immediately exited the van and staggered back to Deputy Fazzari's cruiser. Deputy Fazzari noticed a strong odor of alcohol on the driver, and that his eyes were glassy. The driver indicated that he did not have his driver's license, but he did have the motor vehicle title and registration in the van. Deputy Fazzari requested that the driver retrieve them and followed the driver back to the open driver's door. While the driver was removing his papers from the van, Deputy Fazzari saw that two passengers were seated inside.
After the driver retrieved the papers, Deputy Fazzari positioned the driver at the rear of the van and ordered him to stay there. Deputy Fazzari then went back to the open driver's door to request identification from the passengers. When Deputy Fazzari looked into the passenger compartment of the van, he observed Defendant Thomas Carter seated in a captain's chair with his legs held closely together. Deputy Fazzari believed that this was an odd and uncomfortable way of sitting, and he continued to gaze in the Defendant's direction for several moments. When Defendant moved his feet and legs, Deputy Fazzari observed what appeared to be the top rear portion of a gun.
Deputy Fazzari immediately stepped back towards a rear window and looked directly through the window toward the base of Defendant's seat, where he saw that a gun was positioned on the floor behind Defendant's feet. The passengers were ordered out of the van and the weapon was recovered. Defendant was subsequently patted down, and a magazine containing ammunition was found in Defendant's right rear pocket. Defendant was arrested and charged with carrying a concealed weapon., Defendant was subsequently indicted on one count of carrying concealed weapons, R.C. 2923.12(A). Defendant filed motions to suppress the evidence and dismiss the charges, arguing that on these facts the gun was not concealed and police lacked probable cause to arrest him. After Defendant's motions were overruled by the trial court, Defendant entered a no contest plea, was found guilty, and was sentenced by the trial court to five years of community control sanctions., Defendant timely appealed to this court from his conviction and sentence.
 ASSIGNMENT OF ERROR THE WEAPON THAT WAS USED TO JUSTIFY APPELLANT'S ARREST WAS NOT CONCEALED. Defendant argues that because the evidence demonstrates that Deputy Fazzari was able to look through a window of the van and observe the gun that forms the basis for the carrying concealed weapons charge, without first removing Defendant from the vehicle, the gun was not concealed for purposes of R.C. 2923.12. Thus, Defendant argues that there was no probable cause to arrest him, and no evidence to sustain a conviction for carrying concealed weapons.
Defendant was arrested and charged with a violation of R.C. 2923.12(A) which provides:
 No person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance. Defendant Carter entered a plea of no contest to the offense with which he was charged. The trial court was required to enter a judgment of conviction on Defendant's plea of no contest, so long as the indictment contained allegations sufficient to state the charge.
State v. Bird (1998), 81 Ohio St.3d 582. Defendant doesn't claim that theindictment was defective. Instead, he argues that the evidence before thecourt was insufficient, as a matter of law, to support his conviction.However, under the rule of Bird, supra.
Defendant's plea of no contest operated to waive his right to assert any error in that regard on appeal., Defendant also argues that the trial court erred when it denied his motion to suppress evidence. The motion was founded on a claim that Deputy Fazzari lacked probable cause to arrest him. Unlike the challenge of his conviction, Defendant's no contest plea did not waive his right to argue that the trial court erred when it denied his motion to suppress. Crim.R. 12(H).
Defendant's probable cause argument likewise relied on the assertion that the gun was not concealed because it was in view when Deputy Fazzari saw it, after Defendant had moved his feet and legs. This argument confuses probable cause to arrest with probable cause to search.
Probable cause to arrest exists when a reasonably prudent person would be warranted to believe (1) that a crime has been committed and (2) that the defendant committed it. Beck v. Ohio (1964), 379 U.S. 89. Probable cause to arrest thus focuses on past conduct. In contrast, probable cause to search focuses on whether, based on the current facts and circumstances, a reasonably prudent person would be warranted to believe that a search would reveal evidence of a crime.
If the probable cause to search standard is employed, the gun that Deputy Fazzari saw could not be "concealed" when he saw it after Defendant moved his legs and feet, revealing that it was on the floor of the van. However, the probable cause to arrest standard looks to the past facts which existed before Defendant moved his legs and feet. During that time the gun was "concealed" by Defendant's legs and feet, and as Defendant sat in the van the gun was "ready at hand." At least, a reasonably prudent person in Deputy Fazzari's position would be warranted in believing those conclusions to be true. Those are the elements of the offense that Defendant's motion to suppress brought into question. The trial court properly concluded that, when he saw the gun, Deputy Fazzari acquired probable cause to believe (1) that a crime had been committed and (2) that the Defendant committed it. Therefore, the trial court did not err when it denied Defendant's motion to suppress.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.