OPINION
{¶ 1} Defendant, David Collins, appeals from his convictions and sentences for rape, abduction, and unlawful sexual conduct with a minor.
 {¶ 2} Defendant was indicted on July 5, 2002 in Case No. 02CR235 on one count of rape. R.C. 2907.02(A)(2). A sexually violent predator specification, R.C. 2941.148, was attached to that charge.
 {¶ 3} On August 16, 2002, Defendant was indicted in Case No. 02CR319 on three counts of unlawful sexual conduct with a minor. R.C.2907.04(A). On September 11, 2002, Defendant was additionally charged in Case No. 02CR235 by way of bill of information with abduction. R.C.2905.02(A)(2).
 {¶ 4} Defendant entered pleas of no contest to all of the charges in both cases pursuant to a negotiated plea agreement, and was found guilty by the trial court. The parties jointly recommended to the trial court that Defendant receive maximum, consecutive sentences for each offense, for a total of nineteen and one-half years imprisonment. The trial court imposed the jointly recommended sentence. Defendant stipulated that he is a sexual predator, and the trial court classified him as such. In exchange, the State dismissed the sexually violent predator specification.
 {¶ 5} Defendant timely appealed to this court from his convictions and sentences. Defendant's appellate counsel subsequently filed anAnders brief, Anders v. California (1967), 386 U.S. 738, claiming that a review of the record failed to disclose any meritorious issues for appellate review. We notified Defendant of appellate counsel's representations. Defendant subsequently filed a pro se brief. This matter is now ready for decision.
 {¶ 6} Appellate counsel's Anders brief contains a number of potential issues for appeal that we will address.
 FIRST ASSIGNMENT OF ERROR {¶ 7} "The sentences imposed on each count were the maximum sentence allowed under O.R.C. 2929.14 and the trial judge chose to run them consecutively."
 {¶ 8} Appellate counsel does not identify any specific defect in the sentence the trial court imposed. Rather, counsel notes that as part of the plea agreement in this case the prosecution and defense jointly recommended maximum, consecutive sentences for each offense, and the trial court imposed that jointly recommended sentence. Under those specific circumstances Defendant's sentences are not appealable. See: R.C. 2953.08(D). That fact does not demonstrate any prejudicial defect.
 SECOND ASSIGNMENT OF ERROR {¶ 9} "The indictment and information did not state a felony offense."
 {¶ 10} The indictments and the bill of information state the various charges in the language of the applicable statutes. That is clearly sufficient to charge an offense. Crim.R. 7(B); State v. Bird
(1998), 81 Ohio St.3d 582. Moreover, by pleading no contest, Defendant is foreclosed from challenging the factual merits of the underlying charges. Bird, supra.
 THIRD ASSIGNMENT OF ERROR {¶ 11} "Change of plea proceeding"
 {¶ 12} Appellate counsel does not identify any specific defect in the plea proceedings. To the contrary, counsel asserts that in accepting Defendant's no contest pleas, the trial court complied with the requirements of Crim.R. 11(C)(2). We agree.
 FOURTH ASSIGNMENT OF ERROR {¶ 13} "Ineffective assistance of counsel."
 {¶ 14} Appellate counsel has not identified any deficient performance on the part of trial counsel. During plea negotiations trial counsel apparently was able to obtain the State's agreement to dismiss the sexually violent predator specification that carried a possible sentence of life imprisonment. Our review of the record has failed to disclose any deficient performance by trial counsel, much less resulting prejudice as defined by Strickland v. Washington (1984), 466 U.S. 668.
 {¶ 15} Defendant raises two issues for our review in his pro se brief. First, he complains about the sufficiency of the State's evidence and the fact that no DNA tests were conducted. However, Defendant's no contest pleas are an admission of the truth of the facts alleged in the indictment or information, and preclude any challenge to the sufficiency of the evidence. Bird, supra; Crim.R. 11(B).
 {¶ 16} Defendant additionally complains that he cannot appeal his maximum consecutive sentences because they were jointly recommended by both the prosecution and the defense, and the trial court imposed those jointly recommended sentences. See, R.C. 2953.08(D). Defendant's recommendation waives any error other than an error of law in the sentences that were imposed. He claims no such error, and we find none.
 {¶ 17} In addition to reviewing the issues raised by appellate counsel and Defendant pro se, we have conducted an independent review of the trial court's proceedings and have found no errors having arguable merit. Thus, Defendant's appeal on any of the issues that might be presented would be frivolous. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.