OPINION *Page 2 
{¶ 1} Appellant Marcos Gouvouniotis appeals his conviction and sentence entered on April 3, 2007, in the Licking County Court of Common Pleas on one count of Illegal Conveyance of Drugs into a Detention Facility.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The following facts were accepted by Defendant-Appellant as part of the change of plea hearing:
 {¶ 4} On October 30, 2006, Defendant-Appellant Marcos Gouvouniotis was placed under arrest by the Newark Police Department on an outstanding warrant. Prior to being transported to the Licking County Justice Center, Defendant-Appellant was asked if he had any illegal contraband on him and was informed that if he attempted to bring anything into the facility, it would be a separate felony offense. Defendant-Appellant stated he did not have any contraband on him.
 {¶ 5} On being processed at the Licking County Justice Center, Defendant-Appellant was twice asked if he had any marijuana on him and was again informed that he would be charged with felony conveyance if he did not disclose it. Once again, Defendant-Appellant denied any illegal contraband.
 {¶ 6} During a search of Defendant-Appellant, two baggies of marijuana were located in the crotch area of Defendant's swimming trunks. This marijuana was analyzed and found to weigh 51.39 grams. (T. at 12-13). *Page 3 
 {¶ 7} On November 17, 2006, Appellant Marcos Gouvouniotis was indicted on one count of Illegal Conveyance of Drugs into a Detention Facility, in violation of R.C. § 2921.36.
 {¶ 8} Appellant initially entered a plea of Not Guilty to the charge contained in the indictment.
 {¶ 9} On February 9, 2007, Appellant was appointed counsel by the trial court.
 {¶ 10} On March 14, 2007, counsel for Appellant filed with the trial court a motion captioned "Motion for Acquittal". The motion was described as follows by trial counsel:
 {¶ 11} `Well, Your Honor, I guess for starters, I assumed going in that a motion to dismiss would have been the proper phrasing, and — but I saw on the rules where it was called a motion for acquittal. Now, we lawyers would think, well, that sounds like something that would occur during the trial process." (April 2, Hearing, T. at 5).
 {¶ 12} The trial court allowed the motion to proceed and evidence was presented by both the State and defense. After considering the evidence presented, the trial court denied the Motion for Acquittal. (Hearing T. at 44).
 {¶ 13} On April 3, 2007, Appellant again appeared before the trial court for purposes of a trial by jury. At that time, Appellant asked that alternative counsel be appointed. Appellant maintained that his lawyer was "not doing a good enough job for me." (April 3, 2007, T. at 4). The trial court replied that appointed counsel was doing a "fantastic job" and denied the request for the appointment of alternative counsel without any further inquiry. Id.
 {¶ 14} After the denial of the request for the appointment of alternative counsel, Appellant entered a plea of "No Contest" to the illegal conveyance charge. (T. at 5). *Page 4 
 {¶ 15} The trial court accepted the plea of the accused and entered a Guilty finding. The matter then proceeded directly to sentencing.
 {¶ 16} Appellant was sentenced to a term of three years in prison.
 {¶ 17} This appeal now follows. Appellant assigns the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 18} "I. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO THE FAILURE OF COUNSEL BELOW TO PRESERVE POTENTIAL ERRORS FOR PURPOSES OF APPEAL.
 {¶ 19} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO CONSIDER THE REQUEST OF THE DEFENDANT-APPELLANT FOR THE APPOINTMENT OF ALTERNATIVE COUNSEL.
 I. {¶ 20} In his first assignment of error, Appellant argues that he received ineffective assistance of appellate counsel because trial counsel failed to preserve the issue of whether the facts in the instant case warrant a conviction on the conveyance charge by advising Appellant to enter a plea rather than proceeding to trial. We disagree.
 {¶ 21} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to Appellant. The second prong is whether Appellant was prejudiced by *Page 5 
counsel's ineffectiveness. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 22} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, supra at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, there is a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 23} Appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995),72 Ohio St.3d 545, 558 (citing Lockhart v. Fretwell (1993), 506 U.S. 364, 370,113 S.Ct. 838, 122 L.Ed.2d 180). Further, both the United States Supreme Court and the Ohio Supreme Court have held that a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley, supra. at 143 (quotingStrickland, supra. at 697).
 {¶ 24} Appellant argues that his counsel should have had him proceed to trial rather than enter a plea of no contest, so that he could challenge the constitutional sufficiency of the conviction on appeal.
 {¶ 25} In this case, even assuming that Appellant's counsel advised him to plead "no contest", a fact not established, that advice does not reflect ineffective assistance of *Page 6 
counsel per se. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. 2052,80 L.Ed.2d 674. Accord State v. Bird (1998), 81 Ohio St.3d 582, 585,692 N.E.2d 1013 (judicial scrutiny of counsel's tactical decisions, including recommending to the client a no-contest plea, must be highly deferential).
 {¶ 26} Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. Strickland at 689-90.
 {¶ 27} Upon review, we find that the conduct raised by Appellant does not rise to the level of prejudicial error necessary to find that he was deprived of a fair trial. Having reviewed the record, we find Appellant was not prejudiced by defense counsel's representation of him. The results of the proceedings were not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel. Upon review of the record, we find that Appellant failed to demonstrate he suffered prejudice as a result thereof.
 {¶ 28} Appellant's first assignment of error is denied.
 II. {¶ 29} In his second assignment of error, Appellant argues that the trial court erred in denying his request for new counsel. We disagree.
 {¶ 30} An indigent defendant has no right to his choice of counsel.State v. Murphy (2001), 91 Ohio St.3d 516, 523. Furthermore, there is no right to a "`meaningful attorney-client relationship.'" Id., quotingMorris v. Slappy (1983), 461 U.S. 1, 13-14. An *Page 7 
indigent defendant must establish good cause in order to justify appointment of substitute counsel. Id., citing State v. Cowans (1999),87 Ohio St.3d 68, 72.
 {¶ 31} The trial court has discretion to deny requests found to be unreasonable, and thus, such decision is only reviewed for an abuse of discretion. Id. The court should weigh the defendant's interests in receiving new counsel against the public's interest in the prompt and efficient administration of justice. Id. A "`total lack of communication preventing an adequate defense'" is a factor to be considered. Id., quoting United States v. Jennings (C.A.6, 1996), 83 F.3d 145, 148. In order to warrant replacement counsel, the breakdown in the attorney-client relationship must be of such a magnitude as to jeopardize the defendant's right to effective assistance of counsel.State v. Coleman (1988), 37 Ohio St.3d 286, 292.
 {¶ 32} In the case sub judice, Appellant made the following request to the trial court:
 {¶ 33} Defendant: "I'd like to ask for a new lawyer. I don't think my lawyer is doing a good enough job for me."
 {¶ 34} The Court: "He's doing a fantastic job for you."
 {¶ 35} Defendant: "I don't think he is."
 {¶ 36} The Court: "Your opinion on how he's doing really doesn't count, Mr. Gouvouniotis. That's too bad."
 {¶ 37} Defendant: "Well, I don't think he's doing a good enough job for me on this case."
 {¶ 38} The Court: "Well, I disagree. That doesn't get you anything, so you need to be ready to go." (Plea T. at 4). *Page 8 
 {¶ 39} As stated above, our standard of review is abuse of discretion. Considering the timing and the statements placed on the record, the court's decision cannot be labeled unreasonable, unconscionable or arbitrary. See State v. Glasure (1999), 132 Ohio App.3d 227, 229 (where this court held that only the most extreme circumstances require substitution of appointed counsel).
 {¶ 40} Appellant's second assignment of error is denied.
 {¶ 41} For the foregoing reason, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
 Wise, J., Gwin, J., concurs., Hoffman, P. J., concurs separately. *Page 9