[Cite as *State v. Burke*, 2013-Ohio-4318.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO.  14-13-09

      v.

SCOTT BURKE,                         O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 12-CR-0236

Judgment Affirmed

Date of Decision:  September 30, 2013

APPEARANCES:

    *Alison Boggs* for Appellant

    *David W. Phillips and Terry L. Hord*  for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Scott Burke ("Burke"), appeals the March 14, 2013 judgment of the Union County Court of Common Pleas convicting him of eleven counts of theft, in violation of R.C. 2913.02(A)(1),(B)(2), all felonies of the fifth degree, and one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1),(B)(1), a felony of the second degree, after Burke pleaded guilty to the charges. The trial court sentenced Burke to a prison term of six months for each of the eleven theft convictions, and a four-year prison term for the conviction for engaging in a pattern of corrupt activity. The trial court ordered the sentences to be served consecutively, for an aggregate prison term of nine years and six months. Burke was also ordered to pay restitution to Lowe's in the amount of $13,275.62.

{¶2} The charges stemmed from allegations that Burke stole copper wire from numerous Lowe's stores over a period of several months and then sold the wire to metal scrappers for cash. Burke was alleged to have committed these thefts throughout multiple counties as part of a continuing course of conduct. The copper wire involved in these thefts by Burke was valued in excess of $13,000.

{¶3} Burke now appeals, asserting the following assignments of error.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED WHEN IT ACCEPTED APPELLANT'S GUILTY PLEA TO THE CHARGE OF ENGAGING IN A PATTERN OF CORRUPT ACTIVITIES [SIC] WHEN APPELLEE FAILED TO PRESENT SUFFICIENT FACTS TO ASSERT THAT THE CRIME HAD BEEN COMMITTED, IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS, RESULTING IN APPELLANT'S PLEA NOT BEING KNOWINGLY, VOLUNTARILY OR INTELLIGENTLY MADE.**

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO CONSECUTIVE SENTENCES.**

### *First Assignment of Error*

{¶4} In his first assignment of error, Burke claims that the trial court erred when it accepted his guilty plea to the charge of engaging in a pattern of corrupt activity because the prosecutor failed to present any facts demonstrating that an actual "enterprise" existed through which Burke committed the separate theft offenses. *See* R.C. 2923.32(A)(1) (stating "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity[.]"). Burke maintains that without the prosecutor stating specific facts explaining the nature of the

alleged enterprise, he could not have knowingly, intelligently, and voluntarily entered his guilty plea.[1]

{¶5} On appeal, Burke cites to no relevant legal authority in support of his argument. In fact, the only cases cited by Burke either address situations involving an *Alford* plea,[2] the special circumstance in which the defendant maintains and asserts his innocence while entering a guilty plea, or situations in which the case has proceeded to trial and the prosecutor is required to prove each element of the offense beyond a reasonable doubt. Here, there is no indication in the record that Burke maintained or asserted his innocence at the plea hearing and the record demonstrates that Burke explicitly waived his right to a trial where the prosecutor must prove each element of the offense beyond a reasonable doubt when he entered his guilty plea.

{¶6} While there appears to be little authority specifically addressing the issue raised by Burke in the context of guilty pleas, there is some jurisprudence on this matter regarding no contest pleas. The procedure for entering a guilty plea or a no contest plea is governed by Crim.R. 11. "In a felony case, Crim.R. 11 permits a plea of no contest to a criminal charge, and does not require an explanation of the circumstances. Instead, the rule permits the court to enter

---

[1] Not only did Burke fail to raise any issue regarding the statement of facts at the plea hearing, he also failed to raise the issue at the sentencing hearing that took place two months later. It is only on appeal, after being sentenced, that Burke now raises this issue.
[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

judgment only based upon the facts as alleged in the indictment." *State v. Adams*, 2d Dist. Montgomery No. 22493, 2009–Ohio–2056, ¶ 14. "Where an indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." *State v. Bird*, 81 Ohio St.3d 582, 1998–Ohio–606.

{¶7} The key distinction between a guilty and a no contest plea is that a guilty plea is a complete admission of the defendant's guilt, whereas a no contest plea is not an admission of guilt, but an admission of the truth of the facts as alleged in the indictment, information, or complaint. *See* Crim.R. 11(B). Arguably, the requirement for a sufficient factual basis set forth in the record should be higher for a no contest plea because it is only an admission to the truthfulness of facts and not a complete admission of guilt.

{¶8} Nevertheless, even in applying the standard set forth above for no contest pleas, the record reflects that at the plea hearing in the instant case, the prosecutor read the charges against Burke using the language of the indictment. The record reflects that the language in the indictment constituting the engaging in a pattern of corrupt activity charge tracked the precise language used by the legislature in R.C. 2923.32 to describe the elements comprising the offense. Thus, the trial court was permitted to find Burke guilty based on the allegations in the

indictment and was not required to hear an explanation of the circumstances surrounding the offense as Burke contends.

{¶9} We also note that the transcript of the proceedings demonstrates that the trial court complied with every requirement dictated by Crim.R. 11 in its plea colloquy with Burke. Specifically, Burke acknowledged his understanding of the nature of the charges listed in the indictment and that by pleading guilty he was making a complete admission of guilt to the allegations contained in the indictment. Burke also on the record specifically agreed with the statement of facts read by the prosecutor at the hearing, the same set of facts that he now argues was insufficient. Burke further expressed satisfaction with the representation of his counsel throughout the plea proceedings.

{¶10} Moreover, notwithstanding all the evidence in the record supporting the conclusion that Burke's guilty plea with respect to the contested charge was knowingly, intelligently, and voluntarily made, Burke has failed to demonstrate that he has suffered any prejudice to warrant the invalidation of his guilty plea, especially given the fact that in exchange for his guilty plea, the prosecution agreed to dismiss thirteen of the counts listed in the indictment, including a second charge of engaging in a pattern of corrupt activity and a grand theft charge. Accordingly, we find Burke's arguments to be without merit and overrule his first assignment of error.

*Second Assignment of Error*

{¶11} In his second assignment of error, Burke argues that the trial court erred when it imposed consecutive sentences. Burke makes no specific arguments regarding his sentence, but rather requests appellate review of his sentence under R.C. 2953.08(C)(1). *See* R.C. 2953.08(C)(1) (providing grounds for appellate review where the trial court imposed consecutive sentences and the total amount of the sentence exceeds the maximum prison term allowed for the most serious offense).

{¶12} At the outset, we note that the record reflects the trial court made the appropriate findings required to impose consecutive sentences under R.C. 2929.14(C)(4) and that each sentence for the separate offenses was within the permissible statutory range. The record also reflects that the trial court considered the principles and purposes of felony sentencing under R.C. 2929.11 and R.C. 2929.12. The pre-sentence investigation report shows that Burke has a lengthy criminal history involving numerous theft convictions allegedly spawned by his chronic drug addiction. The record also demonstrates that Burke has in the past been unsuccessfully placed on community control and has not actively participated in addressing his addiction issues despite being given intervention in lieu of conviction. Accordingly, we find no error in the trial court's determination that

consecutive sentences are warranted in this case and we also find the sentence is supported by the record. Burke's second assignment of error is overruled.

{¶13} For all these reasons, the conviction and sentence of the Union County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**