[Cite as *State v. Zumwalde*, 2014-Ohio-1285.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee                 :            C.A. CASE NO.    2013 CA 35

v.                                     :            T.C. NO.    13CR20

MARLENA ZUMWALDE                       :            (Criminal appeal from
                                                    Common Pleas Court)
    Defendant-Appellant                :

                                       :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the     28th     day of     March    , 2014.

. . . . . . . . . .

STEPHANIE R. HAYDEN, Atty. Reg. No. 0082881, Assistant Prosecutor, 55 Greene Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

JOSHUA A. ENGEL, Atty. Reg. No. 0075769 and MARY K. MARTIN, Atty. Reg. No. 0076298, 5181 Natorp Blvd., Suite 210, Mason, Ohio 45040
    Attorneys for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** Defendant-appellant Marlena K. Zumwalde appeals her conviction and

sentence for one count of domestic violence, in violation of R.C. 2929.25(A), a felony of the fourth degree. Zumwalde filed a timely notice of appeal on June 20, 2013.

{¶ 2} The facts which form the basis for the instant case occurred on January 6, 2013, when Zumwalde was arrested on a charge of domestic violence after an incident with her husband. Zumwalde does not dispute that her conduct constituted the offense of domestic violence insofar as she caused or attempted to cause physical harm to her husband on the date in question.

{¶ 3} On January 14, 2013, Zumwalde was indicted for one of domestic violence, in violation of R.C. 2929.25(A), a felony of the fourth degree. At her arraignment on January 25, 2013, Zumwalde entered a plea of not guilty to the charged offense. On March 20, 2013, Zumwalde filed a motion to dismiss the indictment, arguing that it was facially defective because although it alleged a prior conviction for a crime of violence (attempted assault), it did not identify the prior victim as a family or household member. The trial court subsequently overruled Zumwalde's motion to dismiss in an entry issued on March 26, 2013.

{¶ 4} On April 2, 2013, after negotiations with the State, Zumwalde entered a plea of no contest to one count of domestic violence as charged in the indictment. On May 30, 2013, the trial court sentenced Zumwalde to five years of community control, including basic probation supervision, a mental health evaluation and treatment, and a chemical dependency evaluation and treatment.

{¶ 5} It is from this judgment that Zumwalde now appeals.

{¶ 6} Zumwalde's sole assignment of error is as follows:

{¶ 7} "THE TRIAL COURT SHOULD HAVE CONVICTED THE DEFENDANT OF FIRST DEGREE MISDEMEANOR OFFENSE OF DOMESTIC VIOLENCE."

{¶ 8} In her sole assignment, Zumwalde contends that the trial court erred when it found her guilty of domestic violence, a felony of the fourth degree. Specifically, Zumwalde argues that the indictment charging her with the felony offense of domestic violence is insufficient to sustain a conviction after her no contest plea. Zumwalde asserts that the indictment was deficient because it did not identify the victim of her previous conviction for attempted assault as a family or household member.

{¶ 9} Zumwalde's indictment states as follows:

COUNT 1: MARLENA K. ZUMWALDE, on or about January 6, 2013, in Greene County, Ohio, or by some manner enumerated in Section 2901.12 of the Ohio Revised Code whereby proper venue is placed in Greene County, Ohio, did, knowingly cause or attempt to cause physical harm to a family or household member and the said MARLENA K. ZUMWALDE, having previously been convicted of Attempted Assault[1] in the Fairborn

---

[1]Attempted assault is one of several offenses of violence that can form the basis for the enhancement of a misdemeanor domestic violence to a felony charge. R.C. 2919.25 provides as follows:

"(A) no person shall knowingly cause or attempt to cause physical harm to a family or household member...

"(D)(3) *** if the offender previously has pleaded guilty to or been convicted of domestic violence, a violation of an existing or former municipal ordinance or law of this or any other state or the United States *that is substantially similar to domestic violence*, ***, *or any offense of violence if the victim of the offense was a family or household member at the time of the commission of the offense*, a violation of division (A) or (B)

Municipal Court in Case No. CRB 1200835, contrary to and in violation of Section 2919.25(A) of the Ohio Revised Code, and against the peace and dignity of the State of Ohio. (Domestic Violence, a felony of the fourth degree)

{¶ 10} As previously stated, Zumwalde pled no contest to domestic violence as set forth in the indictment on April 2, 2013. The Ohio Rules of Criminal Procedure provide that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment[.]" Crim. R. 11(B). Where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty. *State v. Goodner*, 195 Ohio App.3d 636, 2011-Ohio-5018, 961 N.E.2d 254, ¶ 19 (2d Dist.); see also *State v. Bird*, 81 Ohio St.3d 582, 584, 692 N.E.2d 1013 (1998). An indictment sufficiently charges an offense if it mirrors the language found in the charging statute. *Bird*, 81 Ohio St.3d 582, 585.

{¶ 11} The effect of a no contest plea is to admit the truth of the factual allegations in the indictment and to relieve the prosecutor of the burden of proving the defendant guilty beyond a reasonable doubt. *State v. Moses*, 2d Dist. Montgomery No. 12293, 1991 WL 355157 (August 13, 1991). Essentially, a plea of no contest means that "the accused cannot be heard in defense." *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 424, 662 N.E.2d 370 (1996). However, the State is not relieved of the duty to set forth in the body of the indictment that a prior assault involved a family or household member.

of this section is a felony of the fourth degree..." (Emphasis added).

{¶ 12} Upon review, we conclude that by pleading no contest to "domestic violence," as charged in the indictment, Zumwalde essentially admitted to nothing more than a misdemeanor of the first degree absent the essential element that the prior conviction involved a family or household member.[2] Although the indictment charges Zumwalde with having previously been convicted of Attempted Assault, it does not charge that the offense resulting in that conviction involved a victim who was a family or household member at the time of the offense; therefore, the allegations set forth in the indictment in the case before us state, at most, a misdemeanor offense.

{¶ 13} To be sure, the indictment concludes with a parenthetical reference to the offense being a fourth-degree felony, but in our view, this is insufficient without an allegation of facts necessary to establish a felony offense. If the rule were otherwise, then any indictment alleging a violation of the Ohio Revised Code as a felony of a specified degree would be deemed to incorporate an allegation of any facts required by the statute establishing the offense to make that offense a felony of that degree.

{¶ 14} Zumwalde's sole assignment of error is sustained.

{¶ 15} Zumwalde's sole assignment of error having been sustained, the judgment of the trial court is reversed and remanded for proceedings consistent with this court's opinion.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

---

[2]We note that Zumwalde signed a plea form which stated that she was pleading no contest to "domestic violence, in violation of O.R.C. 2919.25(A), a felony of the fourth degree," however, the indictment did not include essential language to elevate it to a felony of the fourth degree.

Stephanie R. Hayden
Joshua A. Engel
Mary K. Martin
Hon. Stephen A. Wolaver