The STATE of Ohio, Appellee,

v.

PRICE, Appellant.

[Cite as *State v. Price,* 162 Ohio App.3d 677, 2005-Ohio-4150.]

Court of Appeals of Ohio,
Fifth District, Fairfield County.

No. 04CA24.

Decided Aug. 8, 2005.

Gregg Marx, for appellee.

Andrew T. Sanderson, for appellant.

FARMER, Judge.

{¶ 1} On April 18, 2003, appellant, Tommy Price, made numerous telephone calls to the Lancaster Police Department. The calls were harassing and nonsensical in nature. Sergeant James Greenawalt and Patrolman Jeffrey Thurston were dispatched to appellant's home to investigate. During their questioning of appellant, appellant became agitated and swore at the officers. Thereafter, appellant spit at and bit Sergeant Greenawalt. Appellant is a hemophiliac afflicted with human immunodeficiency virus ("HIV") and Hepatitis C.

{¶ 2} As a result of this encounter, on April 25, 2003, the Fairfield County Grand Jury indicted appellant on one count of felonious assault in violation of R.C. 2903.11, one count of attempted felonious assault in violation of R.C. 2923.02 and 2903.11, and one count of assault on a peace officer in violation of R.C. 2903.13.

{¶ 3} A jury trial commenced on February 24, 2004. The jury found appellant guilty as charged. By judgment entry filed March 5, 2004, the trial court sentenced appellant to a total aggregate term of six years in prison.

{¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

## I

{¶ 5} "The conviction of the defendant-appellant on count one of the indictment is not supported by sufficient evidence to sustain the same."

## II

{¶ 6} "The conviction of the defendant-appellant on count two of the indictment is not supported by sufficient evidence to sustain the same."

## I, II

{¶ 7} Appellant claims that his convictions for felonious assault and attempted felonious assault are not supported by sufficient evidence. We disagree.

{¶ 8} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

## FELONIOUS ASSAULT

{¶ 9} Appellant was convicted of felonious assault in violation of R.C. 2903.11(A)(2), which states, "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." The deadly weapon was alleged to be appellant himself because he is afflicted with HIV.

{¶ 10} Appellant does not contest the allegation that he spit into Sergeant Greenawalt's mouth and bit him on the arm, causing abrasions. He does contest that he was the deadly weapon. Appellant argues that the evidence does not support this claim.

{¶ 11} R.C. 2923.11(A) defines "deadly weapon" as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." In support of his argument, appellant cites *State v. Bird* (1998), 81 Ohio St.3d 582, 586–587, 692 N.E.2d 1013 (Pfeifer, J., dissenting), wherein Justice Pfeifer stated the following:

{¶ 12} "An indictment for felonious assault must contain a description of the 'deadly weapon' used in the commission of the assault. It only follows that the object described must, in fact, be a deadly weapon. Whether something is a

deadly weapon is at least in part a legal issue. The indictment in this case charges Bird with attempting to harm Officer Shirk 'by means of a deadly weapon, to wit: spit and/or saliva.' By pleading no contest, Bird admitted only the facts in the indictment, that he spat on the officer in the attempt to do him harm.

{¶ 13} " * * *

{¶ 14} "A person who makes a plea of no contest does not become his own judge. The trial court still has a job to do—determining whether the facts admitted constitute a crime outlined in the indictment. The trial court in this case abused its discretion in convicting Bird. There is nothing suggesting that the saliva of an HIV-positive person can transmit the disease to another. The trial court would necessarily have made the finding that saliva is a deadly weapon before convicting Bird. Either by making the determination that saliva is a deadly weapon or by failing to make any determination at all, the trial court abused its discretion."

{¶ 15} The unequivocal evidence established that appellant knew he was a hemophiliac and was afflicted with HIV and Hepatitis C. Kenneth Griffiths, M.D., appellant's treating physician, opined that if an individual with hemophilia and HIV spit into the mouth of another individual or bit the individual, causing abrasions but not puncture wounds, the individual would be "at risk for HIV transmission." The risk would be low or remote (saliva and sweat) as opposed to high (blood and semen). Thomas Vajen, M.D. also treated appellant on occasion. Dr. Vajen stated that because appellant was a hemophiliac, appellant's saliva contained microscopic blood, which in turn contained the HIV virus. Dr. Vajen explained that "if you have saliva which would have some virus, and then you would have blood, which would have lots of virus, that would be a very high potentially concentration of HIV virus." Dr. Vajen opined that appellant probably had blood in his saliva 95–100 percent of the time.

{¶ 16} We find the cited testimony to be sufficient to establish that given appellant's knowledge of his illnesses, he knew that his saliva was a deadly weapon capable of inflicting physical harm to another.

{¶ 17} The encounter between appellant and Sergeant Greenawalt establishes that appellant purposely advanced on him and spit on him within a range of two feet with a sufficient amount of saliva to cover Sergeant Greenawalt's glasses and enter his mouth. In the past, appellant had infected another police officer with Hepatitis C.

{¶ 18} Upon review, we find sufficient evidence to support appellant's conviction for felonious assault.

## ATTEMPTED FELONIOUS ASSAULT

{¶ 19} Appellant was convicted of attempted felonious assault in violation of R.C. 2923.02(A) and 2903.11(A)(1), which state the following:

{¶ 20} "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."

{¶ 21} "No person shall knowingly * * * [c]ause serious physical harm to another or to another's unborn."

{¶ 22} Appellant argues that the evidence does not support an attempt to commit "an act that, if successful, would result in the causing of serious physical harm to the alleged victim."

{¶ 23} Sergeant Greenawalt testified that "there was blood in the spit that he left on me." As we stated, appellant had previously infected an officer with Hepatitis C. Sergeant Greenawalt received medical treatment for the prevention of HIV and Hepatitis C. He was placed on a drug treatment plan that was "[e]xtraordinarily unpleasant." He had blood drawn on numerous occasions from April until December. The drug treatment made Sergeant Greenawalt extremely nauseous for 30 days. He had to limit his family interactions out of a concern that he had contracted HIV or Hepatitis C and would transfer them to his wife and children. Although Sergeant Greenawalt has not tested positive for HIV or Hepatitis C, the risk of becoming infected with either disease is still present. As Dr. Griffiths stated, HIV can lead to AIDS, which in turn, if left untreated, can lead to death.

{¶ 24} The attack in this case is similar to an individual's holding another individual under water to injure him or her when the victim does not appear to suffer any ill effects. The attempt was made, and despite the fact that it was unsuccessful, a criminal act occurred.

{¶ 25} Upon review, we find sufficient evidence to support appellant's conviction for attempted felonious assault.

{¶ 26} Assignments of Error I and II are denied.

{¶ 27} The judgment of the Court of Common Pleas of Fairfield County, Ohio, is hereby affirmed.

Judgment affirmed.

BOGGINS, P.J., and EDWARDS, J., concur.