DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the December 9, 2004 judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant, Madison Branch, guilty of attempted felonious assault on a peace officer in violation of R.C. 2923.02 and R.C. 2903.11(A)(1). For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} The relevant facts of this case are as follows. On April 10, 2004, appellant entered the True North Shell station on Monroe Street in Toledo, Ohio and attempted to take a cup of coffee without paying for it. The employees of the store locked the door and called the police. Appellant responded by eating condiments that were on the counter, stuffing condiments into his pockets, and spitting on merchandise in the store.
 {¶ 3} Toledo Police Officers James Mawer and Stevan Ortega arrived at the scene and, unable to calm appellant, arrested him and escorted him to the Lucas County jail. While removing him from the vehicle, appellant, who is HIV positive, spit in Officer Mawer's eye. Officer Mawer testified that, when he cleaned out his eye, he believed that there was blood in the saliva. At the time of the incident, Officer Mawer knew that appellant was HIV positive; Mawer received emergency room treatment for his eye and consulted a specialist, who recommended he take medication for 28 days in efforts to reduce his risk of getting HIV.
 {¶ 4} At trial, appellee presented evidence that appellant had previously spit on a police officer, Officer James Mrkva, in March 2000; appellant told Officer Mrkva he was HIV positive and appellant said: "I should have spit in your mouth." The admission of this prior act was objected to by appellant's counsel, alleging a violation of Evid.R. 404(B). The objection was overruled.
 {¶ 5} Testimony was also presented regarding the likelihood of transmitting HIV through saliva. Dr. Varsha Moudgal testified that "there is a small risk of getting HIV from such a transmission" when the saliva contains blood. However, Dr. Moudgal testified that saliva alone is not "a significant risk factor in transmitting HIV."
 {¶ 6} The jury found appellant guilty of attempted felonious assault on a peace officer and he was sentenced to four years of imprisonment. This appeal followed.
 {¶ 7} On appeal, appellant raises three assignments of error:
 {¶ 8} "1. There was no evidence that proved beyond a reasonable doubt that Branch attempted to cause `serious physical harm.'
 {¶ 9} "2. The trial court erred by admitting testimony regarding a 2000 incident involving Branch and a police officer as Rule 404(B) evidence.
 {¶ 10} "3. The prosecutor's closing arguments were improper because they shifted the burden of proof to Branch, and did not fairly comment upon the admitted evidence."
 {¶ 11} Because the admission of testimony regarding a previous incident between appellant and another police officer relates to the sufficiency of the evidence presented at trial, we will first examine appellant's second assignment of error.
 {¶ 12} In his second assignment of error, appellant argues that the prior incident should not have been admitted because it is a prior act prohibited by Evid.R. 404(B). It is well-established that "[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court."State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. This court, therefore, will not reverse a trial court's ruling regarding the admission or exclusion of evidence unless the trial court abused its discretion. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 13} Appellant argues that allowing the testimony of Officer Mrkva violates Evid.R. 404(B) because it was presented by appellee to prove appellant's character. The incident in question is factually similar to the incident that gave rise to this case. In March 2000, appellant was arrested by Officer Mrvka and, after escorting him to the jail, appellant spit in his eye. The trial judge allowed the testimony because he believed that it established motive, intent, and knowledge.
 {¶ 14} Evid.R. 404(B) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." It is clear that the evidence in dispute was not used to prove appellant's character, but rather it was used correctly under Evid.R. 404(B). The state used the testimony concerning the prior act to show that appellant had knowledge that he was HIV positive and to show that appellant intended to transmit HIV to Officer Mawer by spitting in his eye. Both reasons for the testimony were admissible under Evid.R. 404(B), and, accordingly, we cannot say the trial court abused its discretion in admitting this testimony. Appellant's second assignment of error is not well-taken.
 {¶ 15} Appellant's first assignment of error challenges the sufficiency of the evidence. Appellant argues that the risk of transmitting HIV by saliva mixed with blood coming in contact with Officer Mawer's eye is negligible; therefore, there was no risk of serious harm.
 {¶ 16} In reviewing a sufficiency of the evidence claim, the relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found all the essential elements of the crime proven beyond a reasonable doubt. State v. Jones, 90 Ohio St.3d 403, 417, 2000-Ohio-187, citing Jackson v. Virginia (1979), 443 U.S. 307,319, and State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." State v. Tompkins, 78 Ohio St.3d 380,390, 1997-Ohio-52 (Cook, J., concurring).
 {¶ 17} Appellant was charged with a violation of R.C.2903.11(A)(1), attempted felonious assault. In order to convict appellant of attempted felonious assault, the state was required to prove that appellant attempted to knowingly "cause serious physical harm to another" or "cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." R.C. 2903.11(A). According to the attempt statute, "no person * * * shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). Additionally, even if it was factually or legally impossible under the attendant circumstances for appellant to carry out the act, it is no defense if the act could have been completed had the attendant circumstances been as the appellant believed. R.C.2923.02(B).
 {¶ 18} The facts of State v. Price 162 Ohio App.3d 677,2005-Ohio-4150, are similar to the facts of the present case. InPrice, police officers were dispatched to the home of appellant where he spit at and bit one of the officers. Id. at ¶ 1. Appellant was a hemophiliac infected with HIV and Hepatitis C, and he knew of his conditions. Id. The testimony of expert witnesses revealed the risk of transmitting HIV through saliva alone as low, but "if you have saliva which would have some virus, and then you would have blood, which would have lots of virus, that would be a very high potentially concentration of HIV virus." Id. at ¶ 15. The police officer then received a month long drug treatment and dealt with the concern of possibly being infected with a potentially deadly disease, similar to the effects faced by Officer Mawer. Id. at ¶ 23. Additionally, the appellant in Price had previously infected a police officer with Hepatitis C through similar behavior. Id. at ¶ 17.
 {¶ 19} The Price court affirmed appellant's convictions for both felonious assault and attempted felonious assault. Focusing on the attempted felonious assault charge, the court stated: "The attack in this case is similar to an individual's holding another individual under water to injure him or her when the victim does not appear to suffer any ill effects. The attempt was made, and despite the fact that it was unsuccessful, a criminal act occurred." Id. at ¶ 24.
 {¶ 20} Although the appellant in Price also bit the police officer, we reach the same conclusion under the present facts. The testimony concerning the transmission of HIV focused on the probability of appellant's saliva containing some blood, and not the biting of the officer. Because of the appellant's hemophilia in Price, it was likely that he would have blood in his saliva. In the present case, Officer Mawer observed what he believed to be blood in the saliva that he cleaned out of his eye. Additionally, appellant knew that he was HIV positive, and that he had attempted to use his disease as a weapon on at least one other occasion.
 {¶ 21} Based on the foregoing, we find that the evidence presented at trial was sufficient to show that appellant intended to cause serious physical harm by spitting as a means of transmitting HIV to Officer Mawer; the testimony clearly showed that saliva mixed with blood carries a risk of transmitting the disease. Appellant's first assignment of error is not well-taken.
 {¶ 22} Appellant's third assignment of error challenges the comments made by the state during closing arguments. Specifically, appellant argues that it was inappropriate for the prosecution to say that appellant "terrorized" people and wanted to "cause panic and fear." Appellant also argues that the effects of the incident on Officer Mawer, including the medication and personal consequences, were exaggerated. Appellant's counsel did not object to these statements.
 {¶ 23} The Supreme Court of Ohio has held that "[t]he test for prosecutorial misconduct is whether remarks are improper and, if so, whether they prejudicially affected substantial rights of the accused." State v. Lott (1990), 51 Ohio St.3d 160, 165, certiorari denied (1990), 498 U.S. 1017, 111 S.Ct. 591,112 L.Ed.2d 596. To determine if the alleged misconduct resulted in prejudice, an appellate court should consider the following factors: "(1) the nature of the remarks, (2) whether an objection was made by counsel, (3) whether corrective instructions were given by the court, and (4) the strength of the evidence against the defendant." State v. Braxton (1995), 102 Ohio App.3d 28,41. However, where, as here, there was no objection to the alleged improper statements, any error is deemed waived. SeeState v. Wogenstahl, 75 Ohio St.3d 344, 360, 1996-Ohio-219. The standard of review for prosecutorial misconduct where counsel made no objection is plain error. This court has previously held that:
 {¶ 24} "[N]otice of plain error must be taken with the utmost caution, under exceptional circumstances, and only in order to prevent a manifest miscarriage of justice. In order to prevail on a claim governed by the plain error standard, appellant must demonstrate that the outcome of his trial would clearly have been different but for the errors he alleges. Thus, the alleged prosecutorial misconduct constitutes plain error only if it is clear that appellant would not have been convicted in the absence of the improper comments. In cases such as this, the plain error standard generally presents `an almost insurmountable obstacle to reversal.''' (Citations omitted.) State v. Griffin (Nov. 17, 2000) 6th Dist. No. L-98-1215.
 {¶ 25} Upon review, we find no evidence of prosecutorial misconduct. The prosecutor's remarks, although somewhat sensationalized, were not the cause of appellant's conviction. It is not unreasonable to believe that appellant did "cause panic and fear" to Officer Mawer by the possibility of being infected with a deadly disease. Appellant's third assignment of error is not well-taken.
 {¶ 26} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Parish, J. concur.