[Cite as *State v. Doggett*, 2013-Ohio-4724.]

IN THE COURT OF APPEALS OF OHIO

SECOND APPELLATE DISTRICT

MONTGOMERY COUNTY

STATE OF OHIO

       Plaintiff-Appellee

                                        Appellate Case No.     25503

v.

                                        Trial Court Case No.    2012-CR-1148

ALONZO DOGGETT

                                        (Criminal Appeal from

       Defendant-Appellant                   Common Pleas Court). . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of October, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422

       Attorney for Plaintiff-Appellee

WILLIAM O. CASS, JR., Atty. Reg. No. 0034517, 135 West Dorothy Lane, Suite 209, Dayton, Ohio 45429

       Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Alonzo Doggett, appeals from a trial court decision overruling his motion to dismiss the charge of Failure to Notify (underlying offense   Aggravated

Murder, Murder or first degree felony), a violation of R.C. 2950.05(A) and (F)(1). Doggett contends that the trial court erred in overruling his motion to dismiss, because the State of Ohio Department of Rehabilitation and Correction (ODRC), failed to timely notify him of his classification as a Sexually Oriented Offender and his registration duties. In addition, Doggett argues that there is insufficient evidence to convict him of the Failure to Notify charge.

{¶ 2}   We conclude that pursuant to R.C. 2950.03(A)(1), the ODRC did not fail to timely notify Doggett of his classification status and registration duties, because he was given said notice prior to being released from prison. Therefore, the trial court did not err in overruling Doggett's motion to dismiss.

{¶ 3}   We further conclude that Doggett is precluded from contesting the sufficiency of the evidence, because he entered a plea of no contest to the Failure to Notify charge. By pleading no contest, he admitted all the facts in the indictment, which contains sufficient allegations to state an offense under R.C. 2950.05(A) and (F)(1).

{¶ 4}   Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

{¶ 5}   On September 10, 1984, Alonzo Doggett was convicted of three counts of Rape in violation of R.C. 2907.02, a felony of the first degree, in Hamilton County Common Pleas Court Case No. B841899. He was sentenced to prison for ten to 25 years and released on December 21, 2001. Given that he was convicted of a sexually oriented offense as defined by Chapter 2950 of the Revised Code, Doggett was classified as a Sexually Oriented Offender.[1]   On

---

[1] The term " 'sexually oriented offender,' is not specifically defined in R.C. Chapter 2950." *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 9.   "A sexually oriented offender is one who has committed a 'sexually oriented offense' as that term

the day he was released from prison, the ODRC notified him of his classification, and explained that he must register with the Sheriff of the county in which he resides - Montgomery County. In addition to registering, Doggett had the duty to provide the Sheriff with prior notice of a change in his address. Doggett was required to fulfill these duties for a period of ten years beginning on December 28, 2001.

{¶ 6} On June 12, 2012, a Montgomery County Grand Jury indicted Doggett for Failure to Notify (underlying offense Aggravated Murder, Murder or first degree felony), in violation of R.C. 2950.05(A) and (F)(1), a felony of the first degree.[2] The indictment was based on Doggett's failure to notify the Sheriff of his address change during the period between December 1, 2010, and December 21, 2011.

{¶ 7} On July 19, 2012, Doggett filed a motion to dismiss the Failure to Notify charge on grounds that he had not been adjudicated a sex offender. Additionally, Doggett argued that he had not been timely notified of his classification status and registration duties.

{¶ 8} The trial court found that by virtue of Doggett's underlying Rape offense, he had been automatically classified as a Sexually Oriented Offender by operation of law, under Chapter 2950 of the Revised Code. As a result, the court concluded that adjudicating his classification was unnecessary. The court also concluded that Doggett had received notice of his classification status and registration requirements before he was released from prison. Accordingly, the trial court overruled Doggett's motion to dismiss. Thereafter, Doggett pled no contest to the Failure

---

is defined in R.C. 2950.01(D) but who does not fit the description of either habitual sex offender or sexual predator." *State v. Cook*, 83 Ohio St.3d 404, 407, 700 N.E.2d 570 (1998).

[2] While the Failure to Notify offense was indicted as a first degree felony, the trial court treated the offense as a fifth degree felony pursuant to Megan's Law, which is the statutory scheme governing sex offenders who committed their underlying offense prior to the enactment of the Adam Walsh Act in 2008.

to Notify charge and the trial court sentenced him to community control sanctions for a period not to exceed five years.

{¶ 9} Doggett appeals from his conviction and the trial court's decision overruling his motion to dismiss.

## II. Did the Trial Court Err in Overruling Appellant's
## Motion to Dismiss the Failure to Notify Charge?

{¶ 10} Doggett's First Assignment of Error states as follows:

The Trial Court Erred in Overruling the Appellant's Motion to Dismiss.

{¶ 11} Under this assignment of error, Doggett concedes that his classification as a Sexually Oriented Offender occurred by operation of law, and that he is not entitled to an adjudication on his classification. However, he argues that the trial court erred when it overruled his motion to dismiss, because the ODRC failed to timely notify him of his classification status and registration duties. Doggett claims that R.C. 2950.03(A)(1) required the ODRC to provide him with notice ten days prior to being released from prison. He contends that the Failure to Notify charge should have been dismissed because he was not given ten days notice.

{¶ 12} Doggett is relying on a version of R.C. 2950.03(A)(1) that was effective as of January 1, 1997, under 1996 Am.Sub.H.B. No. 180. This version of the statute states:

(A) Each person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense and who has a duty to register pursuant to section 2950.04 of the Revised Code shall be provided notice in accordance with this section of the offender's duty to register under that section,

the offender's duty to provide notice of any change in the offender's residence address and to register the new residence address pursuant to section 2950.05 of the Revised Code, and the offender's duty to periodically verify the offender's residence address pursuant to section 2950.06 of the Revised Code. The following official shall provide the notice to the offender at the following time:

(1) Regardless of when the offender committed the sexually oriented offense, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement, and if, on or after the effective date of this section, the offender is serving that term or is under that confinement, the official in charge of the jail, workhouse, state correctional institution, or other institution in which the offender serves the prison term, term of imprisonment, or confinement, or a designee of that official, *shall provide the notice to the offender at least ten days before the offender is released pursuant to any type of supervised release or at least ten days before the offender otherwise is released from the prison term, term of imprisonment, or confinement*. (Emphasis added.)

{¶ 13} On March 15, 2001, R.C. 2950.03(A)(1) was amended by 2000 Am.Sub.H.B.No. 502, which omitted the ten-day notice requirement from the statute. This version of the statute states in part:

(1) Regardless of when the offender committed the sexually oriented offense, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement, and if, on or after January 1, 1997, the offender is serving that term or is under that confinement, the official in

charge of the jail, workhouse, state correctional institution, or other institution in which the offender serves the prison term, term of imprisonment, or confinement, or a designee of that official, *shall provide the notice to the offender before the offender is released pursuant to any type of supervised release or before the offender otherwise is released from the prison term, term of imprisonment, or confinement.* (Emphasis added.)

{¶ 14}  The 2000 Am.Sub.H.B.No. 502 version of R.C. 2950.03(A)(1) was in effect at the time Doggett was released from prison.  Therefore, the ODRC was only required to provide Doggett with notice of his classification status and registration duties before he was released; there was no ten-day notice requirement.  The record indicates that Doggett was notified of his Sexually Oriented Offender classification and his registration duties prior to being released on December 21, 2001.  See Exhibit C1 to State's Memorandum Contra Motion to Dismiss (Aug. 1, 2012), Montgomery County Common Pleas Court Case No. 2012 CR 1148, Docket No. 20, p. 9.  Doggett does not dispute that he was provided with the required information on December 21, 2001.  Accordingly, the ODRC provided Doggett with notice as required by R.C. 2950.03(A)(1).

{¶ 15}  Doggett's First Assignment of Error is overruled.


### III.  Is There Sufficient Evidence to Support

### Appellant's Conviction?

{¶ 16}  Doggett's Second Assignment of Error states as follows:

The Evidence Was Insufficient to Support the Appellant's Convictions.

{¶ 17}  Under this assignment of error, Doggett contends that there was insufficient

evidence to convict him of Failure to Notify in violation of R.C. 2950.05(A) and (F)(1). He claims that his registration requirements terminated in 2010, and the indictment states that he failed to fulfill his requirements for 2011. As a result, he concludes that the State cannot prove that he failed to fulfill his registration duties since he was not required to register in 2011.

{¶ 18} "[W]here the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." *State v. Bird*, 81 Ohio St.3d 582, 584, 692 N.E.2d 1013 (1998), citing *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 425, 662 N.E.2d 370 (1996). This is because a plea of no contest is "an admission of the truth of the facts alleged in the indictment * * *." Crim.R. 11(B)(2).

{¶ 19} In this case, Doggett pled no contest to the Failure to Notify charge. As a result, he admitted the facts in the indictment, which states in part:

Alonzo Doggett, between the dates of December 1, 2010 through December 21, 2011, * * * being required to register pursuant to Section 2950.04 or Section 2950.041 of the Revised Code * * * did fail to provide written notice of the residence, school institution of higher education, or place of employment address change to the Sheriff of Montgomery County, Ohio, the Sheriff with whom the offender most recently registered the address under Section 2950.04, 2950.041, or 2950.05(B); contrary to the form of the statute (in violation of Sections 2950.05(A) and (F)(1) of the Ohio Revised Code) * * *. Indictment (June 12, 2012), Montgomery County Common Pleas Court Case No. 2012 CR 01148, Docket No. 1, p. 1.

{¶ 20} The indictment contains sufficient allegations to state an offense under R.C.

2950.05(A) and (F)(1). Upon pleading no contest, Doggett admitted that he failed to register as required by law. Accordingly, Doggett is precluded from advancing the sufficiency of the evidence argument he now seeks to assert. *See State v. Lawson,* 2d Dist. Greene No. 2009-CA-13, 2010-Ohio-975, ¶ 11, citing *Bird*, 81 Ohio St.3d at 584, 692 N.E.2d 1013.

{¶ 21} In addition, it is undisputed that Doggett was required to register for a period of ten years beginning on December 28, 2001. This would make December 2010, through December 2011, Doggett's tenth year for registering. Therefore, the violation date cited in the indictment is not outside the period of time that Doggett was required to register.

{¶ 22} For the foregoing reasons, Doggett's Second Assignment of Error is overruled.

### IV. Conclusion

{¶ 23} Having overruled both of Doggett's assignments of error, the judgment of the trial court is hereby affirmed.

. . . . . . . . . . . . .

HALL and YARBROUGH, JJ., concur.

(Hon. Steve A. Yarbrough, Sixth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Mathias H. Heck
Michele D. Phipps

William O. Cass, Jr.
Hon. Mary Lynn Wiseman